# UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

FLOYD ROBINSON, )
            )
        Petitioner, )
            )
    vs. )       Case No.    15-3239-CV-S-BP-P
            )
JAY CASSADY, )
            )
        Respondent. )

## OPINION AND ORDER DENYING PETITION FOR HABEAS CORPUS AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY

Petitioner, Floyd Robinson, filed this pro se habeas corpus petition pursuant to 28 U.S.C. §

2254 on June 2, 2015, seeking to challenge his 2010 conviction and sentence for robbery in the

first degree, which was entered in the Circuit Court of Greene County, Missouri.

Petitioner asserts two (2) grounds for relief: (1) that the identification procedures used to

identify petitioner were "tainted" and "suggestive" and (2) that trial counsel was ineffective for

failing to object during the prosecution's closing argument. Respondent contends that both

grounds are without merit.

## FACTUAL BACKGROUND

On appeal from the denial of petitioner's Rule 29.15 post-conviction relief motion, the

Missouri Court of Appeals summarized the facts as follows:

> As the parties are familiar with the facts of the case, we recite only those
> facts necessary to our analysis. In 2008, Defendant took money from Denise
> Fleming ("Fleming"), a manager at a Dollar General store in Springfield, by
> threatening Fleming with what appeared to be a gun. As Defendant fled, Fleming
> called the police, and officers began arriving on the scene almost immediately. A
> K-9 officer was able to track Defendant to his home. Along that trail, the police
> found a footprint which they photographed and a toy gun which had been discarded
> in the bushes near the footprint. When Defendant was arrested a short time later, the

shoes he was wearing were seized. Additionally, the police recovered packaging for a toy gun during a search of Defendant's apartment.

The day after the robbery, Fleming met with Detective David Meyer ("Detective Meyer"). Detective Meyer showed Fleming a photographic lineup. Fleming circled Defendant's picture in the photographic lineup.

Defendant was charged with first-degree robbery. Defendant waived his right to a jury trial and received a bench trial on March 16 through March 17, 2010.

At trial, the State presented the evidence summarized above. Additionally, Fleming identified Defendant as the man who committed the robbery. The State also introduced video surveillance showing the robbery, the photographs of the footprint, and Defendant's shoes.

In closing argument, the prosecutor began by emphasizing Fleming's identification of Defendant as the man who robbed the Dollar General store. Then the prosecutor described how the police were able to track Defendant to his home. During that description, the prosecutor discussed the evidence regarding the footprint the officers found:

> This is significant, as the Court's now aware, because the foot – the shoeprint there has the same sole imprint as the shoes [Defendant] was wearing at the time of his arrest. And then I got a magnifying glass out. You can even look at the one -- one shoe has either a tack or a nail in it, and with a magnifying glass, you can see a slight impression. Those -- those shoes made that shoeprint. And that's what [Defendant] was wearing at the time of his arrest.

Trial counsel did not object to the prosecutor's comments regarding a comparison of Defendant's shoes with the footprint. The trial court entered an order finding Defendant guilty on March 31, 2010. Thereafter, Defendant was sentenced to life in prison. Defendant's conviction and sentence were affirmed on appeal. *State v. Robinson*, No. SD30572 (Mo. App. S.D. Sep. 20, 2011).

Respondent's Exhibit I, pp. 2-3 (internal footnotes omitted).

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. Marshall v. Lonberger, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. Graham v. Solem, 728 F.2d 1533, 1540 (8th Cir. en banc 1984). It is petitioner's burden to establish by

clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254

(e)(1).[1]   Because the state court's findings of fact have fair support in the record and because

petitioner has failed to establish by clear and convincing evidence that the state court findings are

erroneous, the Court defers to and adopts those factual conclusions.

## GROUND 1 – IMPROPER IDENTIFICATION PROCEDURES

In Ground 1, petitioner contends that the identification procedures used to identify

petitioner were "tainted" and "suggestive."   Specifically, petitioner contends that his photograph

was "materially different" than the other photographs in the photographic array.

Federal law, as determined by the United States Supreme Court, requires a two-step

inquiry into the use of photographic arrays.   Schawitsch v. Burt, 491 F.3d 798, 802 (8th Cir. 2007)

(citing Manson v. Brathwaite, 432 U.S. 98, 114 (1977)).   "The first step is to determine whether

the array was impermissibly suggestive. If found so, the second inquiry is whether under the

totality of the circumstances the array created a substantial risk of misidentification at trial."   Id.

On direct appeal, the Missouri Court of Appeals disposed of petitioner's claim as follows:

> Defendant waived a jury and was convicted of armed robbery in a
> court-tried case.   His preserved claim of error involves a photo lineup and hinges
> on his allegation that the lineup procedure was impermissibly suggestive.
>
> The controlling legal principles are not in dispute and are laid out in *State v.*
> *Floyd*, No. ED95249 (Mo.App. Aug. 16, 2011), *State v. Nelson*, 334 S.W.3d 189
> (Mo.App. 2011), *State v. Eoff*, 193 S.W.3d 366 (Mo.App. 2006), and similar cases
> cited by the parties.   If the lineup procedure is not impermissibly suggestive, our
> inquiry ends.   *Floyd*, *supra*, slip op. at 16; *Nelson*¸ 334 S.W.3d at 193; *Eoff*, 193
> S.W.3d at 375-76.

---

[1]"In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.   The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."   28 U.S.C. § 2254(e)(1).

Defendant's suggestiveness argument is two-pronged.  First, he claims his photograph is so unique and different as to stand out from the other lineup photos.  This court has viewed the photos and strongly disagrees.  We find no basis to criticize this lineup or second-guess the trial court in this respect.

Second, Defendant claims the victim knew, or at least believed, that the photo lineup included the suspect.  Even if this were so, it does not of itself indicate suggestiveness.  *See Eoff*, 193 S.W.3d at 376 (citing cases).  "Some intimation, implication or suggestion that officers suspect a subject presented to witnesses inevitably inheres in every show-up, else why [sic] conduct a show-up?" *State v. Johnson*¸ 628 S.W.2d 904, 907-08 (Mo.App. 1982), *quoted in Eoff*, 193 S.W.3d at 376.

Defendant cites a New Jersey case for the proposition that "failure to have a blind administrator conduct the identification procedures was presumptive evidence of suggestiveness."  Suffice it to say that this case neither binds nor persuades us.

Identification testimony will be excluded only if the procedure was so suggestive that there is a very substantial likelihood of irreparable misidentification.  *Floyd*, *supra*, slip op. at 16; *Eoff*, 193 S.W.3d at 375.  We have closely reviewed the trial and suppression hearing records and find no credible evidence of impropriety or impermissible suggestiveness.  The trial court did not abuse its discretion in refusing to suppress the lineup or admitting the lineup at trial.

Respondent's Exhibit E, pp. 2-3 (internal footnotes omitted).

Here, the Missouri Court of Appeals held that the lineup procedures were not impermissibly suggestive.  Further, this Court has reviewed the photo lineup and come to the same conclusion – the array was not impermissibly suggestive.  Because the appellate court's ruling did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"[2] or in

---

[2] According to the concurrence of Justice O'Connor, joined by four other members of the Court, "under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts.  Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's

"a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," see U.S.C. § 2254(d)(1) and (2), Ground 1 will be denied.

## GROUND 2 – INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

In Ground 2, petitioner contends that trial counsel was ineffective for failing to object during the prosecution's closing argument. Specifically, petitioner contends that trial counsel should have objected when the prosecutor argued that, after analyzing the evidence with a magnifying glass, she was certain that the petitioner's shoe left the imprint near the bush where the toy gun was found.

In order for petitioner to successfully assert a claim for ineffective assistance of counsel, petitioner must demonstrate that his attorney's performance "fell below an objective standard of reasonableness" and that "the deficient performance" actually prejudiced him. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). This Court may not grant habeas relief unless the state appellate court's decision "was contrary to, or an unreasonable application of, the standard articulated by the [United States] Supreme Court in Strickland." Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999), *cert. denied*, 530 U.S. 1265 (2000).

"Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction . . . ." Id. at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional

_____

decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams v. Taylor, 529 U.S. 362, 412-13 (2000).

assistance." <u>Id.</u>

On appeal from the denial of his Rule 29.15 post-conviction relief motion, the Missouri

Court of Appeals disposed of petitioner's claim as follows:

In his sole point on appeal, Defendant argues trial counsel was ineffective for failing to object to the prosecutor's closing argument regarding the footprint and shoes. We disagree.

Defendant's claim fails because an objection to the prosecutor's argument would have been without merit. "To prove ineffective assistance of counsel, a movant must demonstrate: (1) his counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under similar circumstances; and (2) his defense was prejudiced as a result of that deficiency." ***Id.*** At 400. "It is presumed that counsel is effective and that the burden is on the movant to show otherwise." ***Id.*** (quoting ***Forrest v. State***, 290 S.W.3d 704, 708 (Mo. banc 2009)). Furthermore, "[t]he failure to object during closing argument only results in ineffective assistance of counsel if it prejudices the accused and deprives him of a fair trial." ***Id.*** at 401 (quoting ***Jackson v. State***, 205 S.W.3d 282, 290 (Mo. App. E.D. 2006)). Additionally, "[t]rial counsel is granted vast latitude and judgment about whether or when to make objections[,]" ***Greer v. State***, 406 S.W.3d 100, 105 (Mo. App. E.D. 2013), and defense counsel will not be found to have rendered ineffective assistance of counsel "for failing to make non-meritorious objections." ***Johnson v. State***, 406 S.W.3d 892, 906 (Mo. banc 2013) (quoting ***McLaughlin v. State***, 378 S.W.3d 328, 357 (Mo. banc 2012)).

As Defendant correctly notes, it is improper for a prosecutor to argue facts outside the record because such assertions "are 'apt to carry much weight against the accused when they should carry none[.]'" ***State v. Storey***, 901 S.W.2d 886, 901 (Mo. banc 1995) (quoting ***Berger v. U.S.***, 295 U.S. 78, 88 (1935)). Nevertheless, "[t]he prosecutor is allowed to make arguments based on facts in evidence." ***State v. Perry***, 275 S.W.3d 237, 246 (Mo. banc 2009). Additionally, "the State may 'make reasonable inferences from the evidence' and may 'argue the credibility of witnesses as long as the arguments are based upon the evidence presented at trial.'" ***State v. Tinsley***, 143 S.W.3d 722, 735 (Mo. App. S.D. 2004) (quoting ***Vicory v. State***, 81 S.W.3d 725, 731 (Mo. App. S.D. 2002)). That is, "[t]he State, just like the defense, has wide latitude in drawing inferences from the record when presenting its closing argument." ***State v. Forrest***, 183 S.W.3d 218, 228 (Mo. banc 2006). "This is so 'even though the inferences drawn are illogical or erroneous.'" ***State v. Gaines***, 316 S.W.3d 440, 456 (Mo. App. W.D. 2010) (quoting ***Nelson v. Waxman***, 9 S.W.3d 601, 606 (Mo. Banc 2000)).

In the present case, the prosecutor's argument was simply an inference from facts in evidence. Defendant's shoes and the photographs of the footprint were

admitted into evidence at trial. Then, in closing, the prosecutor stated she had looked at the photographs and the shoes and believed Defendant's shoes matched the print in the photographs. She urged the judge to make the comparison for himself. The prosecutor's argument did not depend on evidence outside the record but merely suggested the finder of fact take a closer look at the exhibits which had been presented. As such, the argument was not improper. *See State v. Prince*, 311 S.W.3d 327, 337 (Mo. App. W.D. 2010) (holding it was appropriate for the prosecutor to argue in closing that the jury should listen closely to audio tapes admitted at trial).

Because Defendant failed to prove trial counsel's decision was ineffective, we need not consider whether prejudice exists. *See Byrd v. State*, 329 S.W.3d 718, 722 (Mo. App. S.D. 2010). Defendant's sole point is denied.

Respondent's Exhibit I, pp. 5-7.

The resolution of Ground 2 by the state court did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2) (as amended April 24, 1996), as defined by the Supreme Court in Williams v. Taylor, 529 U.S. 362, 412 (2000). Applying the Strickland standard of review to the facts as set forth in the record, the Court finds that counsel was not ineffective.

Ground 2 will be denied.

## CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be

denied.    See 28 U.S.C. § 2254, Rule 11(a).

## **ORDER**

Accordingly, it is **ORDERED** that:

(1) the above-captioned petition for a writ of habeas corpus is **DENIED**;

(2) this case is **DISMISSED** with prejudice; and

(3) the issuance of a certificate of appealability is **DENIED**.


/s/ *Beth Phillips*
BETH PHILLIPS
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated:   December 1, 2015.